UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 11-51-S-GFVT |
| Plaintiff/Respondent, | ) | Civil Action No. 14-7338-GFVT-CJS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| ROBERT JASON CHAPMAN, | ) | **ORDER** |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Robert Jason Chapman's *pro se* Motion to Vacate his sentence under 28 U.S.C. § 2255. [R. 798.][1]  Consistent with local practice, this matter was referred to Magistrate Judge Candace J. Smith, who filed a Report and Recommendation and recommended that Chapman's motion be denied.  [R. 872.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal.  In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at \*2 (6th Cir. 1997) (unpublished opinion)).  A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy.  *Howard v. Secretary of Health*

---

[1]  The Court acknowledges its duty to review Napier's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

*and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Chapman timely objected to portions of the Recommendation, triggering this Court's duty to conduct a de novo review.  [R. 873.]

# I

Robert Jason Chapman was part of a conspiratorial ring to steal motorcycles and transport them in interstate commerce.  [R. 662 at 2.]  The actions taken by Chapman and his conspirators resulted in a loss of approximately $1,700,000.00. [*Id*. at 3.]  On August 11, 2011, Chapman was indicted on two counts: 1) conspiracy to commit money laundering involving financial transactions in criminally derived property affecting interstate and foreign commerce in violation of 18 U.S.C. § 1956(h), namely interstate shipment of stolen vehicles; and 2) aiding and abetting others in money laundering involving a financial transaction affecting interstate commerce, to wit, the transfer of a Harley Davidson motorcycle, which he knew was the proceeds of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  [R. 1]

Chapman pled guilty to Count 1 of the indictment and the forfeiture allegation on June 6, 2013, outlined in a Plea Agreement.  [R. 662.]   As part of his Plea Agreement, Chapman agreed to sentencing guidelines and a specific sentencing range, which bound the Court upon his acceptance of the agreement.  [*See id*. at 3.]  The sentencing guidelines outlined in the signed Plea Agreement concluded that his total offense level was 30, with a base offense level of 8 pursuant to U.S.S.G. § 2B6.1.  [*Id*. at 3.]  Further, Chapman waived the "right to appeal and the right to attack the guilty plea, conviction, and sentence."  [*Id*. at 4.]  As part of the Plea Agreement, the United States moved to dismiss Counts Two and Eighteen of the Superseding Indictment, which this Court granted.  [R. 661 at 1.]  The details of the sentencing proceeding are outlined in the Magistrate Judge's recommendation and Chapman was sentenced to 120 months.  [R. 662 at 3.]

On February 27, 2014, Chapman filed the instant Motion to Reduce Sentence under 28 U.S.C. § 2255.  [R. 798.]   Chapman's central claim is one of ineffective assistance of counsel, centrally related to the argument that his base offense level should have been calculated as a 6 instead of an 8.  [*See* R. 798.]  In his Reply to the Government's Response to his § 2255 Motion, Chapman also added that the Government has not shown how he benefits from the Plea Agreement he signed.  [R. 861 at 1.]  Chapman also requested an evidentiary hearing.  [R. 861.]  Judge Smith recommended that Chapman's § 2255 petition, as well as his request for an evidentiary hearing, be denied.  [R. 872 at 17.]

On March 16, 2013, Chapman filed timely objections to the Recommendation.  [R. 873.]  Chapman generally objects to Judge Smith's conclusions on his claim of ineffective assistance of counsel related to the 6 or 8 base level offense challenge.  [R. 873.]  He also objects to Judge Smith's finding that an evidentiary hearing was not necessary.  [*Id*. at 2.]  Chapman cites "[r]ecent movement in the legal community" with regard to ineffective assistance of counsel.  [*See generally id*.]  Chapman did not object to Judge Smith's factual conclusions.

Judge Smith's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2255(d).  Except for what the Court supplements in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

## II

Liberally construing Chapman's objections to Judge Smith's Recommended Disposition, the Court finds three objections which may be considered specific. See U.S.C. § 636(b)(1)(c); Mira, 806 F.2d at 637.

First, Terry cites to an October 14, 2014, Department of Justice memorandum, which asks federal prosecutors to forego seeking a waiver of claims for ineffective assistance of counsel in proposed plea agreements. [R. 873 at 3.] Chapman appears to believe that the Department of Justice policy statement has an impact on his § 2255 case and somehow nullifies the Magistrate's recommendations regarding his ineffective assistance of counsel claims. Chapman misunderstands the nature of both the Department of Justice memorandum and the Recommended Disposition. The plea agreement entered into by Chapman states that, by entering the agreement, Chapman waived "the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." [R. 662 at ¶ 5.] This language does not explicitly preserve Terry's right to bring an ineffective assistance of counsel claim, but does not preclude it.  Further, the Magistrate's Recommended Disposition is not in conflict with the Department of Justice policy statement, which serves as a guide for federal prosecutors crafting plea agreements.  Judge Smith appropriately considered the merits of Chapman's ineffective assistance of counsel claims.  The Department of Justice memorandum cited in Terry's objections does not affect the Court's resolution of his habeas petition, and, thus, that objection should be overruled.

Next, Chapman alleges that the R&R did not resolve the issue of whether or not he was prejudiced by the advice of his attorney regarding what his base level offense number should have been.  [R. 873 at 4.]  As outlined in Judge Smith's R&R, to meet the criteria for an ineffective assistance of counsel claim, the petitioner must demonstrate he was defendant must show that the "deficient performance [of Defense counsel] prejudiced" the petitioner.[2]  *Strickland v.*

---

[2] This is a two-part test, though both prongs must be met for the petitioner to prevail. Both steps are analyzed in Judge Smith's R&R, though this Court will focus on the second step of the *Strickland* analysis only, as Chapman clearly fails to meet his burden.

*Washington*, 466 U.S. 668, 687 (1984).  Central to Chapman's entire § 2255 claim is that his base level offense was miscalculated when he was sentenced.  The basis of the misunderstanding was explained in the Sentencing proceeding.  This Court explained that the Pre-Sentence Report (PSR), which guides sentencing, calculated that Chapman should be sentenced at a level 32, Category I, which is 121-151 months.  [R. 813 at 19.]  This calculation was correct based on Chapman's previous criminal history, his role in the conspiracy, and the damage calculated by the government.  However, the Government had already agreed to a different set of sentencing guidelines, as outlined in the Plea Agreement, that Chapman should be sentenced at a level 30, category I, which carries a term of imprisonment of 97-121 months.  [*See* R. 662.]  Original Defense counsel helpfully outlined the differences in the two Offense Level calculations.  [*See* 828-7 at 3.]  Further, Defense counsel testified that he explained to Chapman that the guidelines had been incorrectly calculated by the Government, to his benefit, on May 10, 2013.  [*Id.* at 4.]  Mr. Chapman is correct that the guidelines were mis-calculated, however, he cannot demonstrate that he suffered prejudice, because they were mis-calculated *in his favor* by 2 points.  If his base level had been correctly calculated in his Plea Agreement, he would have been at a 28 Total Offense Level, which is certainly a lower offense level.  But, essentially what Chapman is arguing for is for this Court to further the Government's mistake by lowering the Government's already incorrectly-calculated Total Offense Level to 28.  All parties knew the plea agreement was incorrectly calculated and this Court agreed to the binding plea agreement and was bound by it in its sentencing.  [R. 813 at 19.]  This Court sentenced Chapman to a term of 120 months, lower than the correctly calculated guidelines issued in the PSR and within the range outlined in the binding plea agreement.  [R. 813 at 31.]  Because Chapman was sentenced to a lower guideline range than was outlined in the PSR and this Court was bound to the Plea Agreement that

Chapman signed and sentenced him within that range, Chapman suffered no prejudice. His second objection to mis-calculation of his base level offense is overruled.

Finally, Chapman objects to Judge Smith's finding that an evidentiary hearing was not necessary. [R. 872 at 16.] Chapman is correct that he is entitled to an evidentiary hearing, but not if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," as is the case here. 28 U.S.C.A. § 2255 (West). Though the burden for an evidentiary hearing is "is relatively light," Chapman has not met that burden. *Wright v. United States*, 320 F. App'x 421, 427 (6th Cir. 2009). Here, there is no issue of material fact because Chapman was never prejudiced, but only benefited from the Government's and his attorney's errors.

### III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court is in agreement with Judge Smith's analysis of the claims that are the subject of Chapman's objections. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . ." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and

incorporates by reference the Magistrate Judge's recommended disposition, is not debatable enough to issue a certificate of appealability.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 873] are **OVERRULED**;

2.      The Magistrate Judge's Report and Recommendation [**R. 872**] is **ADOPTED** as and for the opinion of this Court;

3.      The Petitioner's § 2255 Petition [**R. 798**] in is **DISMISSED WITH PREJUDICE**;

4.      A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

5.      **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 28th day of February, 2017.

Gregory F. Van Tatenhove
United States District Judge